\*\*\*\* CASE NUMBER: 502019CA015143XXXXMB Div: AO \*\*\*\*

Filing # 99494291 E-Filed 11/26/2019 02:54:00 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

KRISTEN GREEN,

                Plaintiff,

Case No:

v.

CAREERS USA, INC., a Florida corporation,

                Defendant.

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons, and a copy of the Complaint, in this action on Defendant:

**CAREERS USA, INC.**
by serving its Registered Agent
Jennifer Johnson, Esq.
6501 Congress Avenue
Boca Raton, FL 33487

## IMPORTANT

    A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of the Circuit Court, Palm Beach County, 205 North Dixie Highway, West Palm Beach, FL 33401. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you chose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to Gregg I. Shavitz, Esq. and Paolo C. Meireles, Esq., Shavitz Law Group, P.A., 951 Yamato Road, Suite 285, Boca Raton, FL 33431.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion,para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedadas, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede Usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera Usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse erite a la plainte ci-jointe aupres de ce tribuanl. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nomees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulerieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telphoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite,faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

WITNESS my hand and the Seal of this Court this ___ day of November 2019.

GREGG I. SHAVITZ (Bar No. 11398)
Email: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

CAMAR R. JONES (Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

ALAN QUILES (Bar No. 62431)
Email: aquiles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Attorneys for Plaintiffs

Nov 27 2019
As Clerk of said Court

By: *Blake Smith*
BLAKE SMITH

Filing # 99494291 E-Filed 11/26/2019 02:54:00 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.:_____
Judge: _____

Kristen Green
Plaintiff
  vs.
CAREERS USA INC
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

Florida Civil Rights Act, F.S. § 760.01

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _s/ Gregg I. Shavitz_    FL Bar No.: _11398_        (Bar number, if attorney)
       Attorney or party

_Gregg I. Shavitz_    _11/26/2019_                    Date
  (Type or print name)

Filing # 99494291 E-Filed 11/26/2019 02:54:00 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO: XXXXXXXXXXX

KRISTEN GREEN,

    Plaintiff,

v.

CAREERS USA, INC., a Florida corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Kristen Green ("Green"), through counsel, files this Complaint against Defendant Careers USA, Inc. ("CUSA"). In support, Plaintiff states:

### PARTIES

1. Plaintiff Green is a citizen of the United States and a resident of Broward County, Florida, and is otherwise subject to the jurisdiction of this Court.

2. Defendant CUSA is a Florida corporation with its principal place of business in Boca Raton, Florida.

### JURISDICTION AND VENUE

3. This is a claim for equitable relief and monetary relief in excess of $15,000.00, and thus jurisdiction is proper in this Court.

4. The unlawful practices occurred in Palm Beach County, and therefore venue is properly in this Court.

5. This Court has personal jurisdiction over Defendant as it continuously and systematically does business in Palm Beach County, Florida, and specifically employed the

Plaintiff in Palm Beach County, Florida. Additionally, all of the claims asserted herein arise out of conduct that occurred in Palm Beach County, Florida.

6. As set forth below Plaintiff has exhausted all administrative remedies with respect to her claims under the Florida Civil Rights Act.

## FACTS

7. CUSA is a for profit national staffing firm headquartered in Boca Raton, Florida, offering Fortune 500 businesses a wide range of staffing services including temporary, temp-to-hire and direct hire personnel.

8. Green began work for CUSA as a Branch Manager in November, 2017 as the Palm Beach Gardens branch location.

9. Ms. Green excelled in her Branch Manager position. Green was never subject to any significant disciplinary action or negative performance reviews from the commencement of her employment through January, 2018.

10. In early January, 2018, Ms. Green informed CUSA that she was pregnant.

11. CUSA's retaliatory treatment of Ms. Green commenced almost immediately.

12. In the days following the disclosure of Ms. Green's pregnancy, CUSA began a systematic campaign of hostility and unfounded criticism toward Ms. Green in an effort to establish a pretexual basis for her termination. Ms. Green's supervisor and co-workers began treating her with hostility. In addition, Ms. Green's immediate supervisor demanded that Ms. Green provide him with a detailed schedule of all anticipated physician visits that she would be required to take during the next three months of her pregnancy.

13. After enduring the hostility for approximately two weeks, Ms. Green confronted her supervisor complaining of the hostile environment and her belief that it was the result of

disclosing her pregnancy to him. Ms. Green's supervisor responded by unfairly and inaccurately criticizing Ms. Green's performance. The following day, on January 19, 2018, Ms. Green's supervisor presented Ms. Green with an Employee Counselling Report listing the unfair and inaccurate criticism of Ms. Green's performance.

14. Ms. Green contacted the CUSA Human Resources department to complaint that she felt that the unfounded criticism was based on her disclosure of her pregnancy, and she did not want to sign the Report. The Human Resources Department conducted no investigation of Ms. Green's reported discrimination, and instead instructed her to just sign the Report. However, Ms. Green did not sign.

15. CUSA had not provided Ms. Green with criticism or negative performance reviews, write-ups or discipline prior to disclosing her pregnancy. Ms. Green's performance as a Branch Manager did not decline or change at all following the disclosure of her pregnancy. Ms. Green's sales performance measured favorably to others in the Palm Beach Gardens office.

16. After and as a result of reporting the discrimination to Human Resources, the hostile and retaliatory unfounded criticism and acrimony increased in severity and frequency. Within approximately three weeks of her discrimination complaint to HR, CUSA terminated Ms. Green because she was pregnant and in retaliation for her complaints of discrimination, without investigation or a valid non-discriminatory reason.

17. CUSA took little or no action against other employees engaged in the same conduct who were not pregnant.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18. Green incorporates each of the foregoing paragraphs as if fully set forth herein.

19. Green timely filed a charge of discrimination with the EEOC and the Florida Commission on Human Relations ("FCHR") on November 9, 2018. The FCHR filed to reach any findings as to Plaintiff's charge within 180 days. Subsequent to the 180 day period following the filing of her charge of discrimination, the EEOC issued its Dismissal and Notice of Rights. Thus, Green has exhausted her administrative remedies and this suit is timely filed.

### COUNT I – DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

20. Green incorporates each of the foregoing paragraphs as if fully set forth herein.

21. CUSA has violated the Florida Civil Rights Act, F.S. § 760.01, *et seq.*, by discriminating against Green because of her pregnancy in this manner, affecting the terms, conditions and privileges of Green's employment.

22. Green has been damaged as a result of CUSA's violation of the law.

23. CUSA has acted with malice and/or reckless disregard for Green's statutorily protected rights.

24. An award of punitive damages is therefore appropriate.

### COUNT II – RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

25. Green incorporates each of the foregoing paragraphs as if fully set forth herein.

26. CUSA has violated the Florida Civil Rights Act, F.S. § 760.01, *et seq.*, by retaliating against Green because she engaged in protected activity under the Act, affecting the terms, conditions and privileges of Green's employment.

27. Green has been damaged as a result of CUSA's violation of the law.

28. CUSA has acted with malice and/or reckless disregard for Green's statutorily protected rights.

29. An award of punitive damages is therefore appropriate.

Green incorporates the allegations of paragraphs 1-36 as if fully set forth herein.

### JURY DEMAND

30. Green demands a trial by jury with respect to all claims so triable.

### ATTORNEY'S FEES

31. Pursuant to the Florida Civil Rights Act, Green hereby demands recovery of all reasonable and necessary attorneys' fees incurred in the prosecution of this matter.

### PRAYER

Accordingly, Plaintiff Kristen Green prays that the Court:

a) enter judgment in her favor for Defendant's discrimination and retaliation and against her;

b) award her back pay, reinstatement and/or front pay, as well as compensatory and/or punitive damages;

c) award attorney's fees, expert fees and costs to Plaintiff pursuant to the FCRA; and

d) award such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

**THE SHAVITZ LAW GROUP, P.A.**

Gregg I. Shavitz
Camar R. Jones
Alan Quiles
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831

**ATTORNEYS FOR PLAINTIFF**