UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-80003-RAR

**KRISTEN GREEN**,

    Plaintiff,

v.

**CAREERS USA, INC.**,

    Defendant.

_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand [ECF No. 11] ("Motion") filed on February 3, 2020. Defendant filed a Response in Opposition to the Motion [ECF No. 15] ("Response") on February 18, 2020. Plaintiff filed a Reply in Support of the Motion [ECF No. 18] on March 3, 2020. Having carefully reviewed the Motion, Response, and Reply, as well as the record, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 11] is **GRANTED** for the reasons set forth herein.

## BACKGROUND

Beginning in November 2017, Plaintiff was a Branch Manager for Defendant. *See* Compl. [ECF No. 1-1] ¶ 8. Approximately two months later, Plaintiff told Defendant she was pregnant. *Id.* at ¶ 10. Almost "immediately" thereafter, Plaintiff claims Defendant began a "systematic campaign of hostility and unfounded criticism" toward Plaintiff. *Id.* at ¶ 12. Two weeks later, Plaintiff allegedly reported her "hostile environment" to her supervisor and Defendant's human resource department. *Id.* at ¶¶ 13-14. Within three weeks of her discrimination complaint, Defendant terminated Plaintiff. *Id.* at ¶ 16.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations alleging gender discrimination and retaliation under the Florida Civil Rights Act ("FCRA") and the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended.  On July 17, 2019, the EEOC issued its Dismissal and Notice of Rights as to Plaintiff's discrimination charge, giving Plaintiff ninety (90) days, or until October 15, 2019, in which to file a lawsuit against Defendant based on federal law.  *See* Mot. at 2.  Before Plaintiff's federal law claims expired, Plaintiff allegedly sent Defendant's counsel a copy of a draft complaint, which included an allegation under the Pregnancy Discrimination Act.  *See* Resp. at 2.

On November 26, 2019—more than a month after Plaintiff's right to sue under federal law expired—Plaintiff filed her Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida alleging discrimination and retaliation *only* under the FCRA.  *See generally* Compl.  Defendant removed this action to this Court on January 2, 2020.  *See* Not. Removal [ECF No. 1].  Defendant maintains that Plaintiff's allegations stem from her pregnancy and thus, arise under the Pregnancy Discrimination Act of 1978.  *Id.* at ¶ 2.  As a result, Defendant asserts that this Court has subject matter jurisdiction under 28 U.S.C. section 1331.  *Id.* at ¶ 3.

## LEGAL STANDARD

When a party removes a case to federal court, the removing party must prove, by a preponderance of the evidence, that the district court has subject matter jurisdiction and the removal is timely.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  A federal court has subject matter jurisdiction over cases involving a federal question or where the parties are completely diverse and the amount in controversy exceeds $75,000, not including costs and fees.  28 U.S.C. §§ 1331, 1332(a)(1).  "Due to federalism concerns, federal courts strictly construe the requirements of

removal jurisdiction and remand all cases in which jurisdiction is doubtful." *Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1340 (S.D. Fla. 2019) (citing *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "When the parties disagree on the existence of jurisdiction, uncertainties are resolved in favor of remand." *Id.* (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)) (internal quotations omitted).

## ANALYSIS

Plaintiff claims the Court lacks subject matter jurisdiction because the parties are not diverse, and the Complaint only alleges causes of action under Florida law. According to Plaintiff, "Defendant cannot disturb Plaintiff's chosen forum merely because there is a [f]ederal law corollary to the state law claims stated in the Complaint." Mot. at 1. Plaintiff also asserts entitlement to attorneys' fees for Defendant's improper removal. *Id.* at 5.

In its Response, Defendant maintains that Plaintiff's state law claims raise a substantial question of federal law because Plaintiff participated in an EEOC investigation and asserted a claim under the Pregnancy Discrimination Act to the EEOC. Resp. at 2. Defendant suggests Plaintiff is impermissibly forum shopping by excluding her federal claims from the Complaint. *Id.* at 3. Defendant also claims Plaintiff is not entitled to attorneys' fees because it did not remove this action in bad faith. *Id.* at 7.

Therefore, the question before the Court is whether Defendant has proved, by a preponderance of the evidence, that Plaintiff's Complaint raises a substantial question of federal law, and if not, whether Plaintiff is entitled to attorneys' fees for Defendant's improper removal. The Court will address each issue in turn.

### i. *Substantial Federal Question Doctrine*

"The Supreme Court recently characterized the substantial federal question doctrine as

narrow in scope and seldom appropriate as a basis for establishing federal-question removal jurisdiction." *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1296 (M.D. Ala. 2007) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) (opining that removal based upon the substantial federal issue doctrine only applies to a "slim category" of cases)). "In order for a state-law claim to raise substantial questions of federal law, [federal] law must be an essential element of [plaintiff's] claim[, and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citation and internal quotations omitted) (second alteration added). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* (citation and internal quotations omitted) (alteration in original). "In other words, the state-law claim must really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Id.* (citation and internal quotation omitted) (alteration in original); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1310-11 (11th Cir. 2001) (finding the complaint did not raise a substantial question of federal law because it pleaded only state law claims and no substantial question of federal law was *necessary* for plaintiff to obtain relief).

"Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). "Thus, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Id.* (citation and internal quotations omitted).

Aside from Defendant's own conclusory allegations, Defendant does not provide any legal argument demonstrating that a substantial question of federal law is a necessary element of Plaintiff's claims under the FCRA. Instead, Defendant relies only on Plaintiff's EEOC filing and draft complaint to establish subject matter jurisdiction under the substantial federal question doctrine. However, Plaintiff's choice to pursue an investigation with the EEOC does not necessarily indicate her claims arise under federal law because the FCRA specifically permits a person to file a claim which arises under the FCRA with the EEOC. *See* Fla. Stat. § 760.11(1) ("[A] complaint under this section may be filed with the federal [EEOC] or with any unit of government of the state which is a fair-employment-practice agency under 29 C.F.R. ss. 1601.70–1601.80."). And Plaintiff's choice to assert a claim under the Pregnancy Discrimination Act to the EEOC similarly does not support a basis for federal jurisdiction. *See Bentley*, 377 F. Supp. 3d at 1342 (holding plaintiff's decision to assert retaliation claim under federal law to the EEOC "does not render [plaintiff's] FCRA claim one necessarily implicating federal issues.") (citations omitted) (alteration added).

In addition, Plaintiff's claims do not implicate a significant federal issue or require an interpretation of the Pregnancy Discrimination Act for relief under the FCRA.[1] *See Jackman v. 20th Judicial Circuit Court Administration*, No. 2:19-cv-828-FtM-38MRM, 2020 WL 1275452, at *1 (M.D. Fla. Mar. 17, 2020) ("FCRA claims do not arise under federal law."); *Bentley*, 377 F. Supp. 3d at 1342 (finding it was not "necessary for the parties to address any federal issues under

---

[1] In its Response, Defendant does briefly mention the *possibility* of "complete preemption." However, Defendant failed to provide a legal basis for this proposition. Consequently, the Court does not consider this argument. But nonetheless, the Court notes that the complete preemption doctrine is rarely applied, and the Eleventh Circuit has yet to find complete preemption outside the context of the Labor Management Relations Act, ERISA, and the National Bank Act. *Dunlap*, 381 F.3d at 1291. Moreover, "[o]rdinary preemption, which is less than complete preemption, may be raised as a *defense* to a state law claim, but it does not provide the basis for removal to federal court." *Carsillo v. City of Lake Worth, Fla.*, No. 04-81198, 2005 WL 2456015, at *1 (S.D. Fla. Feb. 9, 2005) (citing *Dunlap*, 381 F.3d at 1290 n.8) (emphasis added).

the [Age Discrimination in Employment Act] to resolve [p]laintiff's FCRA claim" and noting defendant did not point to any authority "where a state-law analogue to the FCRA alone supported federal question jurisdiction"); *Dube v. LDRV Holdings Corp.*, No. 8:15-CV-1187-T-30AEP, 2015 WL 3915658, at *3 (M.D. Fla. June 25, 2015) (finding plaintiff's "retaliation claim under the FCRA [did] not require the interpretation of federal law and [did] not implicate significant federal issues.") (citation omitted). Lastly, Plaintiff's draft complaint is of no merit—it is the operative Complaint that controls.

Simply put, Plaintiff could have chosen to assert the related federal claim, but she did not—she chose to rely exclusively on state law for relief. Plaintiff is the "master" of her Complaint and she is "free to avoid federal jurisdiction by pleading only state law claims even where a federal claim is also available." *Hill*, 364 F.3d at 1314. Because Plaintiff's claims under the FCRA do not depend on the resolution of a substantial question of federal law, the Court is without subject matter jurisdiction and must remand this action.

### ii. Attorneys' Fees and Costs

"When a case is remanded due to improper removal, the court may award the plaintiff attorney's fees and costs." *Bentley*, 377 F. Supp. 3d at 1344 (citing 28 U.S.C. § 1447(c)). "[C]ourts may award attorneys' fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (alteration added). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* A district court need not find bad faith to award attorneys' fees under 28 U.S.C. section 1447(c). *See Carsillo*, 2005 WL 2456015, at *2 (citation omitted).

In *Bentley*, plaintiff filed a single cause of action under the FCRA and defendant stated in its notice of removal and removal status report that the complaint asserted claims under federal

law.  377 F. Supp. 3d at 1339.  In its response to the motion to remand, defendant asserted jurisdiction under the substantial federal question doctrine.  *Id.* at 1345.  There, the district court determined defendant lacked a reasonable basis for alleging jurisdiction under 28 U.S.C. section 1331(a) and awarded attorneys' fees due to the improper removal.  *Id.* at 1345-46; *see also Owens v. Moreland*, No. 15-cv-80-FtM-29DNF, 2015 WL 2200352, at *2 (M.D. Fla. May 11, 2015) (awarding attorneys' fees under 28 U.S.C. section 1447(c) because removal was objectively unreasonable as there was no federal claim or any arguable basis for a federal issue raised).

      Like the removing party in *Bentley*, Defendant asserts that

> Plaintiff's claims relate to and allege actions, that if plead[ed] correctly, would fall under the Pregnancy Discrimination Act of 1978.  Despite the lack of direct reference to the federal statute, the facts expressly alleged on the face of Plaintiff's Complaint give rise to the federal law . . . .  Plaintiff's civil action presents a federal question 'arising under the Constitution, laws, or treaties of the United States' and consequently, *the District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331*."

*See* Not. Removal ¶ 3 (emphasis in original) (alteration added).  This statement was repeated in Defendant's Removal Status Report [ECF No. 9].  Defendant also presented no authority—aside from its own conclusory allegations—that employment discrimination cases under the FCRA give rise to a substantial question under federal law.  Rather, Defendant rests its claim for federal question jurisdiction on an unsubstantiated accusation of forum shopping; Plaintiff's decision to file a claim with the EEOC; the asserted allegations under the Pregnancy Discrimination Act to the EEOC; and Plaintiff's alleged draft complaint.  As explained herein, this Court—along with a litany of other courts—has determined that each of these alleged bases are insufficient to impute subject matter jurisdiction for removal purposes.

      Moreover, Defendant's only argument against the award of attorneys' fees is good faith.  However, as previously stated, a lack of good faith is not required to award attorneys' fees and

costs—only a lack of a reasonable basis for removal. Because the factual circumstances are almost identical to *Bentley*, the Court will use its discretion and award Plaintiff attorneys' fees for the improper removal under 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [ECF No. 11] is **GRANTED**. The above-styled action is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk of Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. Plaintiff's Motion for Attorneys' Fees is **GRANTED**. Defendant shall pay Plaintiff her reasonable attorneys' fees incurred because of the objectively unreasonable removal pursuant to 28 U.S.C. section 1447(c). The parties shall make a good faith effort to confer and resolve the issue of attorneys' fees without Court intervention. Should the parties be unable to reach agreement on the amount of fees, Plaintiff may **not** file a motion for fees until the state court action is concluded.

3. Any pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 7th day of April, 2020.

_____
 **RODOLFO A. RUIZ II**
 **UNITED STATES DISTRICT JUDGE**